## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **KATHY BLACKMAN**<br>**Grayslake, IL 60030** | : <br> : <br> : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : <br> : | |
| **v.** | : <br> : | |
| **LINCOLN NATIONAL CORPORATION**<br>**150 North Radnor-Chester Road**<br>**Radnor, PA 19087** | : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| **and** | : <br> : | |
| **LINCOLN FINANCIAL GROUP, LLC**<br>**150 North Radnor-Chester Road**<br>**Radnor, PA 19087** | : <br> : <br> : <br> : | |
| **Defendants.** | : <br> : | |

## COMPLAINT

### I.    INTRODUCTION

Plaintiff, Kathy Blackman, brings this action against her former employers, Lincoln National Corporation ("Defendant Lincoln National") and Lincoln Financial Group, LLC ("Defendant Lincoln Financial") (together "Defendants").  While employed by Defendants, Ms. Blackman was discriminated against because of her sex and her age, and retaliated against based on her complaints about the same, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA").

II.     **PARTIES**

1.      Plaintiff, Kathy Blackman, is an individual and a citizen of the state of Illinois.

2.      Plaintiff is female.

3.      Plaintiff was sixty (60) years of age at the time of her termination.

4.      Defendant Lincoln National is an Indiana corporation with a principal place of business at 150 North Radnor-Chester Road, Radnor, PA 19087.

5.      Defendant Lincoln Financial is a Delaware corporation with a principal place of business at 150 North Radnor-Chester Road, Radnor, PA 19087.

6.      Defendant Lincoln National controls and directs certain of Defendant Lincoln Financial's business operations and policies.

7.      Defendants are engaged in an industry affecting interstate commerce and regularly do business in the Commonwealth of Pennsylvania.

8.      At all times material hereto, Defendants employed more than twenty (20) employees.

9.      At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

10.     At all times material hereto, Defendants acted as employers within the meaning of the statutes which form the basis of this matter.

11.     At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

### III.     JURISDICTION AND VENUE

12.     The causes of action which form the basis of this matter arise under Title VII, the ADEA and the PHRA.

13.     The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

14.     The District Court has jurisdiction over Count II (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

15.     The District Court has jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1332 since the amount in controversy in the present action exceeds the sum or value of seventy five thousand dollars ($75,000), exclusive of interests and costs, and where there exists complete diversity of citizenship, as Plaintiff is a citizen of the state of Illinois and Defendants are not citizens of the state of Illinois.

16.     The District Court also has supplemental jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

17.     Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. §2000(e)-5(f).

18.     On or about May 20, 2008, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination alleged herein.  This Charge was cross-filed with the

Pennsylvania Human Relations Commission ("PHRC").  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination.

19.    On or about July 6, 2009, Plaintiff filed a Second Charge of Discrimination with the EEOC, complaining of acts of discrimination and retaliation alleged herein.  This Charge was cross-filed with the PHRC.  Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of the EEOC Second Charge of Discrimination.

20.    On or about September 3, 2010, the EEOC issued to Plaintiff a Dismissal and Notice of Rights for both of her Charges.  Attached hereto, incorporated herein and marked as Exhibit "3" are true and correct copies of those notices.

21.    Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.    **FACTUAL ALLEGATIONS**

22.    On or about June 1, 2004, Plaintiff was hired by Defendants.  In or about June 2006, she was promoted to Divisional Sales Manager.

23.    At all times material hereto, Plaintiff performed her job duties in a highly competent manner.

24.    As of in or about January 2008, Plaintiff and her colleague Bob Wick (male), Vice President/Divisional Sales Manager, reported to Sharon Havener (female), National Sales Manager for Fixed Annuities.  Ms. Havener reported to Anthony Brown (male), Head of Annuity Sales.

25.     As of January 2008, Plaintiff was responsible for managing fixed annuity sales for approximately seven (7) distribution channels while Mr. Wick managed fixed annuity sales for one (1) distribution channel.

26.     On or about January 15, 2008, Ms. Havener was terminated.  At the same time, four (4) of the distribution channels that Plaintiff had managed were transferred to Mr. Wick.

27.     On or about February 20, 2008, Defendants informed Plaintiff that her position was eliminated.  Plaintiff was told that there were no open positions at her level, but that she could interview for open positions at a lower level (in terms of both compensation and level of responsibility).

28.     Shortly thereafter, Mr. Wick was placed into the position of Vice President – Divisional Sales Manager – Fixed Annuities.  Upon Plaintiff's information and belief, the open position was not posted.  She was not interviewed for the open position or told about the same.

29.     Mr. Wick was less qualified for the position of Vice President – Divisional Sales Manager – Fixed Annuities than Plaintiff.

30.     On or about March 6, 2008, Plaintiff interviewed with Mr. Wick, to whom she would be reporting, for the position of Wholesaler for the North Central region.  Defendants told Plaintiff that that was the only position for which she was eligible to apply.

31.     On or about April 1, 2008, Plaintiff asked John Knowles (male), Senior Account Manager, why she was not considered for Mr. Wick's new position.  Mr. Knowles told Plaintiff that he did not know the answer and that the

5

decision would have been Mr. Brown's.

32.     Defendants failed to tell Plaintiff why she was not considered for Mr. Wick's new position, nor promoted into the same.

33.     On or about April 4, 2008, Plaintiff was demoted into the position of Wholesaler for the North Central region, reporting to Mr. Wick.

34.     On or about May 20, 2008, Plaintiff filed a Charge of Discrimination with the EEOC.

35.     On or about April 23, 2009, Plaintiff was notified that she would be terminated effective June 29, 2009.  When Plaintiff asked about the criteria that Defendants used to determine which employees would be terminated, Defendants refused to respond.

36.     Upon information and belief, out of approximately twelve (12) Wholesalers who reported to Mr. Wick, five (5) were terminated and seven (7) were retained.

37.     Of the three (3) female Wholesalers who reported to Mr. Wick, all three (3), including Plaintiff, were terminated.  Of the nine (9) male Wholesalers reporting to Mr. Wick, two (2) were terminated.  Of the seven (7) Wholesalers reporting to Mr. Wick who were over the age of fifty (50), five (5), including Plaintiff, were terminated and two (2) were retained (29% retention rate).  All five (5) of the Wholesalers under the age of fifty (50) were retained (100% retention rate).  The average age of the Wholesalers retained is substantially younger than the average age of the Wholesalers terminated.  Based on information and belief, none of the retained Wholesalers had complained of discrimination.

38.     Upon information and belief, out of approximately eleven (11) Wholesalers who reported to Mr. Wick, the three (3) oldest employees, including Plaintiff, were terminated.

39.     Defendants failed to provide a legitimate, non-discriminatory reason for their failure to promote Plaintiff.

40.     Defendants failed to provide a legitimate, non-discriminatory reason for Plaintiff's termination.

41.     Plaintiff's sex was a motivating and determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including the failure to promote Plaintiff and the termination of Plaintiff.

42.     Plaintiff's age was a motivating and determinative factor in connection with Defendants' discriminatory treatment of Plaintiff, including the failure to promote Plaintiff and the termination of Plaintiff.

43.     Plaintiff's complaining of discrimination was a motivating and/or determinative factor in connection with Defendants' retaliatory treatment of Plaintiff, including the termination of Plaintiff.

44.     The retaliatory actions taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

45.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and

loss of life's pleasures, the full extent of which is not known at this time.

46.     The conduct of Defendants, as set forth above, was outrageous under the circumstances and warrants the imposition of punitive damages against Defendants.

47.     Defendants have engaged in a pattern and practice of discriminating against older employees in connection with employment practices, including promotional opportunities and termination.

48.     Defendants engaged in a pattern and practice of discriminating against female employees in connection with employment practices, including promotional opportunities and termination.

49.     Defendants' practices have had a disparate impact on the promotion and retention of female and/or older employees.

### COUNT I - Title VII

50.     Plaintiff incorporates herein by reference paragraphs 1 through 49 above, as if set forth herein in their entirety.

51.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated Title VII.

52.     Said violations were intentional and warrant the imposition of punitive damages.

53.     As a direct and proximate result of Defendants' violations of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

54.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

55.     No previous application has been made for the relief requested herein.

## COUNT II - ADEA

56.     Plaintiff incorporates herein by reference paragraphs 1 through 55 above, as if set forth herein in their entirety.

57.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the ADEA.

58.     Said violations were willful and warrant the imposition of liquidated damages.

59.     As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

60.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

61.     No previous application has been made for the relief requested herein.

## COUNT III - PHRA

62.     Plaintiff incorporates herein by reference paragraphs 1 through 61 above, as if set forth herein in their entirety.

63.     Defendants, by the above improper, discriminatory and retaliatory acts, have violated the PHRA.

64.     Said violations were intentional and willful.

65.     As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

66.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

67.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of Title VII;

(b)     declaring the acts and practices complained of herein to be in violation of the ADEA;

(c)     declaring the acts and practices complained of herein to be in violation of the PHRA;

(d)     enjoining and permanently restraining the violations alleged herein;

(e)     entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(f)     awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(g)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(h)     awarding punitive damages to Plaintiff under Title VII;

(i)     awarding liquidated damages to Plaintiff under the ADEA;

(j)     awarding Plaintiff such other damages as are appropriate under Title VII, the ADEA and the PHRA;

(k)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees; and,

(l)    granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE LAW OFFICES LLC**

Dated:  <u>11/29/10</u>               BY:   <u>s/ Caren N. Gurmankin</u>
                                             Stephen G. Console (36656)
                                             Caren N. Gurmankin (205900)
                                             1525 Locust St., 9th Floor
                                             Philadelphia, PA 19102
                                             (215) 545-7676
                                             (215) 545-8211 (fax)

                                             Attorneys for Plaintiff,
                                             Kathy Blackman

# EXHIBIT "1"

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| Q FEPA | |
| X EEOC | 530-2008-03188 |

STATE OR LOCAL AGENCY: **PHRC/IDHR**

| NAME (Indicate Mr., Ms., Mrs.)<br>Kathy Blackman | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP<br>Vernon Hills, IL 60061 | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAMES<br>Lincoln Financial Group<br>Lincoln National Corporation | NUMBER OF EMPLOYEES,<br>MEMBERS<br>10,000 | TELEPHONE (Include Area Code)<br>(484) 583-1400 |
|---|---|---|

| STREET ADDRESS<br>Corporate Headquarters<br>150 North Radnor-Chester Road | CITY, STATE AND ZIP<br><br>Radnor, PA 19087 | COUNTY<br>Montgomery |
|---|---|---|

| STREET ADDRESS<br>Charging Party's Work Location<br>328 East Pine Circle Lake | CITY, STATE AND ZIP<br><br>Vernon Hills, IL 60061 | COUNTY<br>Lake |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>QRace   QColor   **X** Sex   QReligion   QNational Origin<br>Q Retaliation   Q Age   Q Disability   QOther *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*        *Latest* 02/20/2008<br><br>Q Continuing Violation |
|---|---|

**The Particulars Are:**

A.    1.    Relevant Work History

I was hired by Respondents on or about June 1, 2004 as a Regional Sales Manager. I was promoted to Divisional Sales Manager in or about June 2006.

From on or about June 1, 2004 through on or about January 14, 2008, I reported to Sharon Havener (51, female), National Sales Manager for Fixed Annuities. Ms. Havener also directly supervised my peer, Bob Wick (52, male), Vice President/Divisional Sales Manager. Ms. Havener reported to Anthony Brown (43, male), Head of Annuity Sales, who reported directly to Terry Mullen (male), Chief Executive Officer/President.

At the time that both Mr. Wick and I reported directly to Ms. Havener, I was directly responsible for handling fixed annuity sales for seven (7) distribution channels. Mr. Wick managed fixed annuity sales for one (1) distribution channel.

| X I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct.<br><br>Date: 5/20/08   *Cathleen C. Blackman*   Charging Party *(Signature)* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

**EEOC Charge of Discrimination**
**Page 2 of 3**
**Initials of Charging Party –** _hll_

2.      Harm Summary

I believe that Respondents have discriminated against me because of my sex and/or a combination of my sex and my age.  Evidence of discriminatory conduct includes, but is not limited to, the following:

a)      On or about January 15, 2008, Respondents reorganized the Fixed Annuity Group, of which I was a part.  Ms. Havener was told that her position was eliminated and she was terminated.  Mr. Wick and I were only told that Nancy Briguglio (47, female), Head of MGA, Relationship Management, and John Knowles (47, male), Senior Account Manager, were facilitating the restructuring. When I requested a meeting with Ms. Briguglio to discuss the restructuring, she ignored my request;

b)      Also at that time, four (4) of the distribution channels that I managed were transferred to Mr. Wick.  Although I retained direct supervision of my remaining two (2) channels, they were officially transferred to Respondents' Relationship Management Group, which was headed by Jim Ryan (45, male), Head of Relationship Management;

c)      On or about February 20, 2008, Respondents again reorganized my group.  Mr. Knowles informed me that my position was eliminated;

d)      Mr. Knowles also told me that there were no open positions at my level, but that there were open positions (which would constitute a significant demotion for me regarding both responsibilities and compensation) for which I could interview;

e)      In or about February 2008, Mr. Wick was put into the position of Vice President - Divisional Sales Manager - Fixed Annuities, a position for which I was better qualified;

f)      I had not been informed that there was an open position of Vice President - Divisional Sales Manager - Fixed Annuities, nor was I interviewed for that position for which I was fully qualified;

g)      On or about March 6, 2008, I interviewed with Mr. Wick, to whom I would be reporting, for the only open position for which I was eligible to apply, Wholesaler position for the North Central region.  Respondent informed me that I was not eligible to apply for open Wholesaler positions in other regions as they needed the candidates to be based in the particular territory being covered;

h)      On or about April 1, 2008, I asked Mr. Knowles why I was not considered for Mr. Wick's new position.  Mr. Knowles told me that he did not know the answer to that question and that would have been Mr. Brown's decision;

i)      Respondents failed to respond to my inquiry as to why I was not considered or interviewed for the position into which Mr. Wick was placed;

j)      On or about April 4, 2008, Respondents offered me the position of Wholesaler for the North Central region.  Although the position was a significant demotion regarding both my responsibilities and my compensation, I accepted Respondents' offer;

**EEOC Charge of Discrimination**
**Page 3 of 3**
**Initials of Charging Party –** *JLB*

l) Respondents' demographics and conduct evidence a bias (disparate impact and disparate treatment) against females and/or against females over the age of forty (40);

m) Respondents failed to post the position of Vice President - Divisional Sales Manager - Fixed Annuities into which Mr. Wick was promoted;

n) Ms. Havener and I were the only two (2) females out of approximately forty (40) Sales Managers at Respondents and, to my information and belief, the only two (2) Sales Managers who have been terminated over the last few months; and,

o) I am among the oldest, if not the oldest, of the Divisional Sales Managers at Respondents.

B. 1. Respondents' Stated Reasons

a) Respondents have not offered any explanation for their failure to promote me into the position of Vice President - Divisional Sales Manager - Fixed Annuities;

b) Respondents have not offered any explanation for my demotion to the position of Wholesaler, North Central region; and,

c) Respondents have not offered any evidence for their pattern and practice of discriminating against females and/or against females over the age of forty (40).

C. 1. Statutes and Basis for Allegations

I believe that Respondents have discriminated against me based on my sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA") and the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* ("IHRA") and my age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA"), the PHRA and the IHRA, as set forth herein.

D. 1. Class Harm

I bring this charge on a class basis as a result of the pattern and practice of sex discrimination and age discrimination existing at Respondents. Accordingly, I file this as a class charge on behalf of all female employees of Respondents and female employees over the age of forty (40) at Respondents that have been subjected to discrimination while employed at Respondents and all female applicants for positions who were denied the same because of their sex and/or a combination of their age and their sex.

EXHIBIT "2"

| SECOND CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | Q  FEPA<br>X  EEOC | 530-2008-03550 |

| STATE OR LOCAL AGENCY:  PHRC/IDHR | |
|---|---|

| NAME (Indicate Mr., Ms., Mrs.)<br>Kathy Blackman | HOME TELEPHONE NUMBER (Include Area Code) |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP<br>Grayslake, IL 60030 | DATE OF BIRTH |
|---|---|---|

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)**

| NAMES<br>  Lincoln Financial Group<br>  Lincoln National Corporation | NUMBER OF EMPLOYEES, MEMBERS<br>10,000 | TELEPHONE (Include Area Code)<br>(484) 583-1400 |
|---|---|---|

| STREET ADDRESS<br>Corporate Headquarters<br>150 North Radnor-Chester Road | CITY, STATE AND ZIP<br><br>Radnor, PA 19087 | COUNTY<br>Montgomery |
|---|---|---|

| STREET ADDRESS<br>Charging Party's Work Location<br>328 East Pine Circle Lake | CITY, STATE AND ZIP<br><br>Vernon Hills, IL 60061 | COUNTY<br>Lake |
|---|---|---|

| CAUSE OF DISCRIMINATION (Check appropriate box(es))<br>QRace  QColor  X Sex  QReligion  QNational Origin<br>  X Retaliation  X Age  Q Disability  QOther (Specify) | DATE DISCRIMINATION TOOK PLACE<br>Earliest          Latest  04/21/2009<br><br>Q Continuing Violation |
|---|---|

**The Particulars Are:**

A.    1.    Relevant Work History

I was hired by Respondents on or about June 1, 2004 as a Regional Sales Manager.  I was promoted to Divisional Sales Manager in or about June 2006.

As of in or about January 2008, Bob Wick (male, 52), Vice President/Divisional Sales Manager, and I both reported to Sharon Havener (51, female), National Sales Manager for Fixed Annuities.  Ms. Havener reported directly to Anthony Brown (43, male), Head of Annuity Sales, who reported to Terry Mullen (male), Chief Executive Officer/President.

At that time, I was directly responsible for handling fixed annuity sales for seven (7) distribution channels.  Mr. Wick managed fixed annuity sales for one (1) distribution channel.

| X I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct.<br><br>Date:  7-7-09    Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

On or about January 15, 2008, Ms. Havener was told that her position was eliminated and she was terminated. Also, at that time, five (5) of the distribution channels that I managed were transferred to Mr. Wick. I was not told the reason for the same.

On or about February 20, 2008, Respondents reorganized my group and told me that my position was eliminated as a result. John Knowles (47, male), Senior Account Manager, told me that there were no open positions at my level but that I could interview for open positions at a lower level (that would constitute significant demotions for me regarding both responsibilities and compensation).

In or about February 2008, Mr. Wick was placed into the position of Vice President - Divisional Sales Manager - Fixed Annuities, a position for which I was better qualified. I had not been informed that there was an open position of Vice President - Sales Manager - Fixed Annuities, the position was not posted and, when I asked Mr. Knowles why I was not considered for the new position, his only response was that it would have been Mr. Brown's decision.

On or about April 4, 2008, I accepted Respondents' offer for a position of External Wholesaler for the North Central region. Although the position was a significant demotion regarding both my responsibilities and my compensation, I accepted the offer. I, along with approximately ten (10) other External Wholesalers, reported directly to Mr. Wick.

I filed a Charge of Discrimination with the EEOC on May 20, 2008 alleging discrimination based on my sex (female) (a courtesy copy of the same was sent to Respondents on that same day).

Since filing my Charge of Discrimination, I have been subjected to additional discriminatory and retaliatory conduct.

2.      Harm Summary

I believe that Respondents have discriminated against me because of my sex and my age and retaliated against me after I complained of discriminatory conduct to which I have been subjected, including filing an EEOC Charge. Evidence of continued discriminatory, and retaliatory, conduct includes, but is not limited to, the following:

   a)   On or about April 22, 2009, I was notified that I would be terminated effective June 29, 2009;

   b)   Out of the eleven (11) External Wholesalers who reported to Mr. Wick, the three (3) female employees, including myself, were terminated;

   c)   Out of the eleven (11) External Wholesalers who reported to Mr. Wick, the three (3) oldest employees, including myself, were terminated; and,

   d)   At my termination meeting, I inquired as to the criteria that were used to determine which employees would be terminated. Respondents refused to respond to my question and explain the criteria that they used to determine which employees would be terminated.

B.   1.   Respondents' Stated Reasons

   a)   Respondents have not offered any explanation for their termination of my employment;

   b)   Respondents have not offered any evidence for their pattern and practice of discriminating against females, employees over the age of forty (40) and/or females over the age of forty (40).

C.   1.   Statutes and Basis for Allegations

   I believe that Respondents have discriminated against me based on my sex (female)

and my age and my complaints regarding the same in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA") and the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.* ("IHRA").

**D.     1.     Class Harm**

**I bring this charge on a class basis as a result of the pattern and practice of sex discrimination and age discrimination existing at Respondents. Accordingly, I file this as a class charge on behalf of all female employees of Respondents, employees over the age of forty (40) and female employees over the age of forty (40) at Respondents that have been subjected to discrimination while employed at Respondents and all female applicants for positions who were denied the same because of their sex and/or a combination of their age (over 40) and their sex.**

EXHIBIT "3"

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Kathy Blackman

Vernon Hills, IL 60061

From: Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107-3127

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2008-03188 | Legal Unit | (215) 440-2828 |

*(See also the additional information attached to this form.)*

**NOTICE TO THE PERSON AGGRIEVED :**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA) or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Phil A. Goldman*

Phil A. Goldman
Acting District Director

9/1/10

*(Date Mailed)*

Enclosure(s)

cc: Lincoln Financial Group
Caren N. Gurmankin, Esquire (For Charging Party)
Robert J. Bohner, Jr., Esquire (For Respondent)

EEOC Form 161-B (11/09)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  Kathy Blackman <br> ▮▮▮▮▮▮▮▮▮ <br> Vernon Hills, IL 60061 | From:  Equal Employment Opportunity Commission <br> Philadelphia District Office <br> 801 Market Street, Suite 1300 <br> Philadelphia, PA  19107-3127 |

☐  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2009-03550 | Legal Unit | (215) 440-2828 |

*(See also the additional information attached to this form.)*

**NOTICE TO THE PERSON AGGRIEVED :**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA) or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII or the ADA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

☒  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will
be able to complete its administrative processing within 180 days from the filing of the charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):**  You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

☒  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of
your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of your charge, you may file suit
in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Phil A. Goldman*           9/1/10

Phil A. Goldman
**Acting District Director**           *(Date Mailed)*

Enclosure(s)

cc:  Lincoln Financial Group
Caren N. Gurmankin, Esquire (For Charging Party)
Robert J. Bohner, Jr., Esquire (For Respondent)